MICHELE BECKWITH
Acting United States Attorney
JOSEPH D. BARTON
CODY S. CHAPPLE
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:25-cr-00017-JLT-SKO |
|---|---|
| Plaintiff, | 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; 18 U.S.C. § 981(A)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| v. | |
| ANDREW ADLER, | |
| Defendant. | |

INFORMATION

COUNT ONE: [18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud]

The United States Attorney charges,

ANDREW ADLER,

defendant herein, as follows:

### I. INTRODUCTION

1. At all relevant times, defendant ADLER and his business partner, David Hardcastle, owned and controlled the special purpose entity Startop Investments LLC ("Startop"), which operated in Fresno County, State and Eastern District of California, and elsewhere. A special purpose entity is a legal entity formed to accomplish a specific task or project while limiting financial risk to its principals.

2. Bitwise Industries ("Bitwise") was a start-up, technology company headquartered in Fresno County, State and Eastern District of California.

INFORMATION

## II. CONSPIRACY

3. Beginning on a date unknown, but not later than on or about December 2022, and continuing at least until on or about May 2023, in Fresno County, State and Eastern District of California, and elsewhere, defendant ADLER and David Hardcastle did knowingly conspire, combine, and confederate with each other to cause writings, signs, signals, pictures, and sounds to be transmitted by means of wire and radio communications in interstate commerce, for the purpose of executing a material scheme and artifice to defraud participants in loans made to Bitwise through Startop, and to obtain money and property from the participants, by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1343.

## III. MANNER AND MEANS

4. During the above-described period, defendant ADLER and David Hardcastle conspired to defraud participants, and caused money and property to be obtained from participants, by the following manner, means, and acts, among others:

5. Defendant ADLER and David Hardcastle used Startop to loan Bitwise approximately $20,000,000 based on materially false and fraudulent representations that the principals of Bitwise, Jake Soberal and Irma Olguin, Jr., made to them about Bitwise's financial condition. Defendant ADLER and David Hardcastle funded the loans primarily by syndicating them to other participants. In doing so, they agreed to alter the original loan documents, and forge Jake Soberal's signature thereon, to make it appear to the participants as though Bitwise was obligated to pay approximately twenty-four percent in annual interest for the loans when, in fact, Bitwise was obligated to pay approximately sixty percent.

6. Defendant ADLER and David Hardcastle then provided the altered loan documents to the participants, which falsely and fraudulently represented to the participants that Bitwise was obligated to pay significantly lower interest rates for the loans than Bitwise was actually obligated to pay. They also conveyed these false and fraudulent representations to the participants in calls, text messages, emails, and data sharing platforms such as Dropbox, among other methods.

7. Defendant ADLER and David Hardcastle's false and fraudulent representations regarding the interest rates that Bitwise was obligated to pay for the loans deceived and cheated several of the participants out of their money by making the loans appear less risky, and therefore more appealing, to

INFORMATION

them. Over ten of the participants, who together funded more than $3,500,000 of the loans to Bitwise, would not have participated in the loans, or would have participated in the loans on materially different terms, had they known the true interest rates that Bitwise was obligated to pay.

8. Defendant ADLER and David Hardcastle made tens of thousands of dollars in fees for originating the loans, and put themselves in a position to make profits from the interest rates that were undisclosed to the participants.

9. Defendant ADLER and David Hardcastle carried out their scheme to defraud through various means, including by communicating with each other through telephone calls and text messages. Many of these telephone calls and text messages were made while defendant ADLER was located outside of California and David Hardcastle was located in Fresno County. The loans to Bitwise were also funded, at least in part, by interstate wire transfers that originated from outside California and were deposited into Bitwise's bank accounts opened in Fresno County.

10. Importantly, in May 2023, Bitwise collapsed and the participants in the loans lost all or most of their money.

11. At all relevant times, defendant ADLER knew the unlawful purpose of his plan with David Hardcastle, willfully joined in the plan, and acted with the intent to accomplish the plan and the intent to defraud.

All in violation of 18 U.S.C. § 1349.

FORFEITURE ALLEGATION: [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture]

12. Upon conviction of the offense alleged in Count One of this Information, defendant ADLER shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, constituting or derived from proceeds traceable to said offense, including, but not limited to, the following: a sum of money equal to the amount of money that constitutes or is derived from proceeds traceable to the offense for which the defendant is convicted.

13. If any property subject to forfeiture as a result of the offense alleged in Count One of this Information for which defendant ADLER is convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

INFORMATION

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property that cannot be divided without difficulty;

the United States intends, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant, up to the value of the property subject to forfeiture.

Dated: February 3, 2025

MICHELE BECKWITH
Acting United States Attorney

By: _____
Joseph Barton
Cody Chapple
Assistant United States Attorneys

INFORMATION